# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CHARLES WYCUFF,**

    **Petitioner,**

    v.

**WARDEN, ALLEN CORRECTIONAL INSTITUTION,**

    **Respondents.**

**CASE NO. 2:19-CV-3549**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Chelsey M. Vascura**

## ORDER

On February 3, 2020, the Magistrate Judge issued a Report and Recommendation recommending that that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 8.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 20.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's Objection (ECF No. 20) is **OVERRULED**. The Report and Recommendation (ECF No. 8) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

This case involves Petitioner's underlying convictions after a jury trial in the Franklin County Court of Common Pleas on charges of rape, gross sexual imposition, sexual battery, and pandering sexually oriented material involving a minor, with sexually violent predator specifications. Petitioner is serving a term of four consecutive life sentences plus 105 years. Petitioner asserts that he was denied a fair trial based on the admission of prior bad acts evidence (claim one); that he was denied a fair trial because the trial court permitted his cross-examination on prior bad acts (claim two); that he was denied the effective assistance of trial counsel based

on his attorney's failure to object, failure to request limiting instructions, and failure to object to verdict forms (claim three); and that his convictions violate the Double Jeopardy Clause (claim four).  The Magistrate Judge denied Petitioner's request for a stay and recommended dismissal of his claims as procedurally defaulted or without merit.  Petitioner objects to those recommendations.  He raises all of the same arguments he previously presented.

The docket of the Franklin County Clerk indicates that Petitioner's motion for a new trial apparently remains pending in the state trial court.  Petitioner objects to the denial of a stay of proceedings pending resolution of that action, in which he asserts that he was denied the effective assistance of trial counsel based on his attorney's mental incapacity and onset of Alzheimer's.  However, as discussed, this action does not involve a "mixed petition" subject to a stay.  *See Callender v. Warden, Ross Corr. Inst.*, No. 2:16-cv-1120, 2017 WL 3674909, at *3 (S.D. Ohio Aug. 24, 2017) ("[C]ourts within the Sixth Circuit [] have declined to extend the *Rhines* stay-and-abeyance procedure to petitions. . . containing only unexhausted claims.") (quoting *Peterson v. Warden, Pickaway Corr. Inst.*, No. 1:14-cv-604, 2015 WL 3970171, at *7 (S.D. Ohio June 30, 2015)); *see also Abgor v. Warden, Ross Corr. Inst.*, No. 2:15-cv-02236, 2016 WL 614575, at *2 (S.D. Ohio Feb. 16, 2016) (same).  Further, the state appellate court found that the record does not reflect that defense counsel acted incompetently during trial (*Memorandum Decision*, ECF No. 5-1, PAGEID # 365), and Petitioner waited until December 2019 to file the motion for a new trial.  Thus, the record does not indicate that Petitioner can establish either good cause for his failure to exhaust his claim of ineffective assistance of trial counsel or that the claim is potentially meritorious.  *Rhines v. Weber*, 544 U.S. 269, 277 (2005).  Under these circumstances, a stay would not be warranted.

Additionally, the record reflects that Petitioner plainly has procedural defaulted all of his claims for relief, with the exception of his claim of the denial of the effective assistance of appellate counsel, based on his failure to object and under the invited error doctrine.  He has failed to establish cause for these procedural defaults.  Petitioner's claim that he was denied a fair trial based on the admission of prior bad acts evidence does not, in any event, provide a basis for federal habeas corpus relief.  *See Bugh v. Mitchell*, 329 F.3d 469, 512-13 (6th Cir. 2003).

For these reasons and for the reasons already well detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 20) is **OVERRULED.**  Petitioner's motion for a stay is **DENIED**.  The Report and Recommendation (ECF No. 8) is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability.  "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court."  *Jordan v. Fisher*, 576 U.S. 1071, --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).  When a claim has been

denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of this action. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

    **IT IS SO ORDERED**.

s/Edmund A. Sargus, Jr. 12/16/2020
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**
